UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jared W.,

    Plaintiff,

    v.

Commissioner of Social Security,

    Defendant.

Case No. 2:22-cv-1786

Judge Michael H. Watson

Magistrate Judge Bowman

## OPINION AND ORDER

Jared Weirather ("Plaintiff") applied for Disability Insurance Benefits and Supplemental Security Income on January 4, 2019. Tr. 208–23; ECF No. 8-5 at PAGEID ## 233–48. His applications were denied initially and on reconsideration. Tr. 87–113, 116–39; ECF No. 8-3 at PAGEID ## 110–36; 139–62. Plaintiff thereafter requested a hearing before an Administrative Law Judge ("ALJ"), who eventually issued a decision denying benefits. ALJ Dec., Tr. 35–47; ECF No. 8-2 at PAGEID ## 57–69. The ALJ's decision became the Commissioner of Social Security's ("Commissioner") final decision after the Appeals Council denied review. Plaintiff then filed suit here. Mot., ECF No. 1.

In his Statement of Specific Errors, Plaintiff argued the ALJ made the following reversible errors: (1) she found the state agency psychologists' opinions partially persuasive but failed to explain why some of their opined limitations were included in the Mental Residual Functional Capacity ("MRFC") but another opined limitation was not; and (2) she erred in her consideration of the treating

source opinion. Stmt. Specific Errors 9–18, ECF No. 9. Specifically, Plaintiff argued the ALJ excluded from the MRFC a requirement that Plaintiff have only superficial interaction with coworkers and the public, despite both state agency psychologists' opinions that Plaintiff should be limited to only superficial interaction. *Id.* at 12. Regarding the treating source opinion, Plaintiff contended the ALJ "barely" addressed the supportability factor and that her conclusion on that factor was not supported by substantial evidence. *Id.* at 16. Plaintiff also argued that the ALJ failed to properly address the consistency factor. *Id.* at 17–18. Plaintiff later moved to remand based on an Order that the Appeals Council issued in another Social Security case. Mot., ECF No. 12.

The Magistrate Judge issued a Report and Recommendation ("R&R") recommending the Court overrule Plaintiff's Statement of Specific Errors and affirm the Commissioner's decision. R&R, ECF No. 15. The R&R concluded that the ALJ sufficiently explained her decision to reject the state agency psychologists' opinions that Plaintiff be limited to superficial interactions with coworkers and the public. *Id.* at 8–10. Because her rejection of the psychologists' opinions limiting Plaintiff to only superficial interactions was explained and supported by substantial evidence, the R&R continued, Plaintiff's citation to supplemental authority that purports to define "superficial interaction" is irrelevant. *Id.* at 11. Finally, the R&R concluded that the ALJ sufficiently addressed both the supportability and consistency of Plaintiff's treating source opinion. *Id.* at 12–17.

## I. STANDARD OF REVIEW

Plaintiff timely objected to the R&R. Obj., ECF No. 16. Pursuant to Federal Rule of Civil Procedure 72(b), the Court reviews *de novo* those portions of the R&R that Plaintiff properly objected to. Fed. R. Civ. P. 72(b).

## II. ANALYSIS

### A. Objection I

On objection, Plaintiff first argues that the ALJ attempted to incorporate into the MRFC a limitation that Plaintiff have only superficial interaction with coworkers and the public. Obj. 2–3. She did this, he argues, by limiting Plaintiff to no team or tandem tasks and no customer service. *Id.* at 3. Plaintiff asserts, however, that the ALJ failed to explain how the limitation to no team or tandem tasks and no customer service equates to superficial interaction. *Id.* Thus, he contends that, because the ALJ did not explain how she arrived at her conclusion that restrictions from team and tandem tasks and customer service satisfies the limitation to superficial interaction (and because no substantial evidence supports her conclusion in that regard), the ALJ committed reversible error. *Id.*

This is not the argument Plaintiff made initially. As noted above, Plaintiff argued in his Statement of Specific Errors that the ALJ *excluded* the superficial interaction limitation from the MRFC. *E.g.*, Stmt. Specific Errors 12 ("[T]he ALJ included all of the State Agency psychologists' opinions except their opinion concerning superficial interaction and provided no reason for excluding this particular limitation. . . . The ALJ attempts to explain how he [sic] incorporated

the opinions from the State Agency psychologists in her [M]RFC but failed to explain why one of the most severe opinions concerning [Plaintiff's] social interaction limitations was not included."); Reply at 2, ECF No. 11 ("The ALJ . . . attempted to cursorily reject a part of [the psychologists'] opinion due to the opinion being expressed in terms that the ALJ deemed not vocationally relevant. The ALJ also deemed the State Agency psychologists' opinions to be internally inconsistent.").

Now, Plaintiff instead contends that the ALJ attempted to incorporate the superficial interaction limitation into the MRFC but failed to provide an adequate explanation as to why that limitation is satisfied by the restriction she set. Obj. at 2–3 ("The ALJ attempted to account for [Plaintiff's] need for no more than superficial interaction with coworkers and the public. The ALJ fell short of that by failing to provide a proper explanation of how she arrived at the definition she did for superficial.").

The Court declines to consider Plaintiff's objection, as currently framed, because it was not raised to the Magistrate Judge and was instead made for the first time on objection to the R&R. *E.g., Kelli R.H. v. Comm'r of Soc. Sec.*, No. 2:21-cv-1097, 2022 WL 3355251, at *2 (S.D. Ohio Aug. 15, 2022).

As to Plaintiff's original argument, the Court agrees with the Magistrate Judge that the ALJ did explain her reason to exclude the state agency psychologists' opinions that Plaintiff be limited to superficial interaction with

coworkers and the public and that substantial evidence supports the ALJ's decision.

The ALJ first rightly noted that the opinions are internally inconsistent. Tr. 44; ECF No. 8-2 at PAGEID # 66. The opinions say Plaintiff was "somewhat reduced" in his "ability to deal with coworkers and the public" but could handle "brief and superficial contact" with the same. Tr. 97, 110, 125, 137; ECF No. 8-3 at PAGEID ## 120, 133, 148, 160. Those opinions also state, however, that Plaintiff has "[n]o" social interaction limitations and can handle "ordinary levels of supervision in the customary work setting." Tr. 97, 110, 125, 137; ECF No. 8-3 at PAGEID ## 120, 133, 148, 160. It is clearly inconsistent to say in one sentence that Plaintiff has *no* social interaction limitations and then to say in another sentence that Plaintiff's ability to deal with coworkers and the public is "somewhat reduced." Moreover, it is inconsistent to say that Plaintiff could deal with coworkers and the public briefly and superficially but could deal with ordinary levels supervision in a customary work setting, which inherently involves social interaction with coworkers. Thus, substantial evidence supports the ALJ's finding that the psychologists' opinions on social interactions are internally inconsistent.

Second, the ALJ correctly found the opinions only partially persuasive because they used terms that are not vocationally relevant. Tr. 44; ECF No. 8-2 at PAGEID # 66. Although Plaintiff contends the ALJ erroneously found the term "superficial" to be not vocationally relevant, that is not plain from the decision. Rather, the more likely interpretation is that the ALJ found the term "somewhat

reduced" was not vocationally relevant. This is even more likely given the ALJ put "somewhat reduced" in quotation marks.[1] *Id.* Plaintiff has not shown how this conclusion was erroneous.

Finally, although the ALJ did not limit Plaintiff to only superficial interaction with others, she did restrict Plaintiff from performing tandem or shared tasks with coworkers and prohibited customer-service-type interactions with the public. Tr. 40; ECF No. 8-2 at PAGEID # 62. The ALJ explained that this MRFC was "consistent with [Plaintiff's] history of autism spectrum disorder, ability to live with other family members, work at a fast food chain, and his general cooperative behavior and interaction on mental status examinations." Tr. 44; ECF No. 8-2 at PAGEID # 66. The Court agrees that Plaintiff's ability to live with others, his prior work at a fast food chain (albeit not full-time), and his ability to interact with others during prior examinations detract from the persuasiveness of an opinion that Plaintiff can have only superficial interaction with others.

In sum, the ALJ provided adequate reasoning for rejecting the opinions that Plaintiff have "superficial" contact with coworkers and the public, and substantial evidence supports her reasoning. This takes care of Plaintiff's original argument.

If the Court were to address Plaintiff's newly phrased argument, it would overrule the same for the simple reason that the ALJ did not fail to explain how

---

[1] This is also supported by the fact that the ALJ found the opinions' use of the term "more flexible" to be not vocationally relevant. Tr. 44; ECF No. 8-2 at PAGEID # 66.

her MRFC *equates* to "superficial" interaction; she *rejected* the limitation to superficial interaction and instead found Plaintiff restricted only from shared or tandem tasks and customer service work. Plaintiff's new objection starts from a false premise.

For all these reasons, Plaintiff's first objection is **OVERRULED**.

## B. Objection II

Plaintiff's second objection is that the ALJ violated 20 C.F.R. § 404.1520c because she failed to properly explain whether Certified Nurse Practitioner Kosgey's ("CNP Kosgey") opinion was supportable and consistent with other record evidence. Obj. 4–6, ECF No. 16. He contends the ALJ may have superficially addressed the supportability and consistency factors, but her conclusions as to the same are not supported by substantial evidence. Instead, he contends, the record evidence supports finding CNP Kosgey's opinion was supportable and consistent. *Id.* Upon *de novo* review, the Court concludes that the ALJ made no error.

For claims filed after March 27, 2017, such as this one, medical opinions are considered per 20 C.F.R. § 404.1520c.[2] Pursuant to those regulations, an ALJ does "not defer or give any specific evidentiary weight . . . to any medical opinion(s)." 20 C.F.R. § 404.1520c(a). Rather, "[w]hen a medical source provides one or more medical opinions . . . , [the ALJ] will consider those medical

---

[2] These regulations are the same for Supplemental Security Income. 20 C.F.R. § 416.920c.

opinions . . . from that medical source together using" factors outlined in the Code of Federal Regulations. *Id.* The factors an ALJ must consider when evaluating the persuasiveness of a medical opinion are: supportability, consistency, relationship with the claimant, specialization, and any other factors that support or contradict the medical opinion. 20 C.F.R. §§ 404.1520c(c)(1)–(5). The most important factors, however, are supportability and consistency. 20 C.F.R. §§ 404.1520c(a), (b)(2).

An ALJ must articulate in their decision how persuasive they found the medical opinion. 20 C.F.R. § 404.1520c(b). Moreover, because supportability and consistency are the most important factors, an ALJ must "explain how [they] considered the supportability and consistency factors for a medical source's medical opinion[]." 20 C.F.R. § 404.1520c(b)(2). The ALJ may, but is not required to, explain how they considered the other factors. *Id.*

With regard to supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion[] . . . , the more persuasive the medical opinions . . . will be." 20 C.F.R. § 404.1520c(c)(1). As to consistency, "[t]he more consistent a medical opinion[] . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion[] . . . will be." 20 C.F.R. § 404.1520c(c)(2).

Here, the ALJ addressed the fact that CNP Kosgey's opinion was not supportable because it was not based on objective medical evidence or relevant

supporting explanations. Indeed, the ALJ specifically concluded that "the form findings that the claimant is completely unable to function in the various areas indicated for up to 25% or 50% of the workday is not supported[.]" Tr. 44, ECF No. 8-2 at PAGEID # 66. She acknowledged that the opinion was a mere "check-box form" and that the explanation for the opined limitations was "based primarily on the claimant's recent hospitalization, which was acute in nature." Tr. 44, ECF No. 8-2 at PAGEID # 66.

The ALJ's conclusion as to supportability is supported by substantial evidence. CNP Kosgey's opinion is, in fact, a check-box form that contains no citations to objective medical evidence and no supporting explanations for CNP Kosgey's opinions that Plaintiff would be unable to function in certain areas for up to as much as 50% of the workday. See Tr. 513–15; ECF No. 8-7 at PAGEID ## 540–42. The only supporting explanation contained in the form relates to CNP Kosgey's opinion that Plaintiff's condition would likely deteriorate if he was placed under stress, and the ALJ correctly discounted that explanation as based primarily on Plaintiff's recent, acute hospital stay rather than a longitudinal picture of his mental health. Tr. 515; ECF No. 8-7 at PAGEID # 542; Tr. 44; ECF No. 8-2 at PAGEID # 66.

As to consistency, the ALJ first concluded that CNP Kosgey utilized definitions of "mild, moderate, and marked" that were inconsistent with the Social Security Administration's definitions. Tr. 44, ECF No. 8-2 at PAGEID # 66. She also found that the opinions were inconsistent with other record evidence

because there was "no evidence the claimant would be unable to respond appropriately to coworkers, or the general public or maintain socially appropriate behavior for this portion of the work day." *Id.* Specifically, she stated the opined limitations are inconsistent with Plaintiff's "own presentation at mental status exams" and the fact that he performed some work during the relevant period. *Id.*

The ALJ's conclusion as to consistency is also supported by substantial evidence. As demonstrated by the above, the state agency psychologists' opinions as to Plaintiff's social interaction limitations (or lack thereof) are inconsistent with virtually every one of CNP Kosgey's opinions. *Compare* Tr. 513–15; ECF No. 8-7 at PAGEID ## 540–42 *with, e.g.,* Tr. 109–110; ECF No. 8-3 at PAGEID ## 132–33. The ALJ also correctly determined that CNP Kosgey's opinions are inconsistent with Plaintiff's own presentation at mental status exams as well as the fact that he successfully performed some work during the relevant period. *See* Tr. 39, 43; ECF No. 8-2 at PAGEID ## 61, 65 (noting Plaintiff's "did not report significant difficulties with his work[,]" "maintain[ed] some work activity without noted issues[,]" and presented "cooperative[ly], with . . . normal speech, logical thoughts, fair insight and judgment, fair memory and fair concentration" at mental status examinations); Tr. 436–50 ; ECF No. 8-7 at PAGEID ## 463–77 (progress notes from Behavioral Health Care Partners).

At bottom, Plaintiff asks the Court to reweigh the evidence, which is not in the Court's prerogative. The ALJ adequately explained the supportability and consistency factors in determining CNP Kosgey's opinions were "unpersuasive."

Tr. 44; ECF No. 8-2 at PAGEID # 66. Substantial evidence supports her conclusion, and this objection is therefore **OVERRULED**.

### III. CONCLUSION

Plaintiff's objections are **OVERRULED**, the R&R is **ADOPTED**, and the Commissioner's decision is **AFFIRMED**. The Clerk shall enter judgment for Defendant and terminate this case.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**